```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


TONY M. TOWNSEND,             )
                              )
          Plaintiff           )
                              )
     v.                       )    Case No. 2:08 cv 328
                              )
CWS, INC.,                    )
                              )
          Defendant           )
```

OPINION AND ORDER

This matter is before the court on the Motion to Stay the Briefing Schedule on Respondent's Summary Judgment [DE 27] filed by the plaintiff, Tony Townsend, on August 28, 2009; the Motion for Rule to Show Cause [DE 30] filed by Townsend on September 15, 2009; and the Motion for Sanctions for Failur [sic] to Comply with the Court's Discovery Order and Motion to Strike Defendant's Motion for Summary Judgment [DE 35] filed by Townsend on November 25, 2009. For the reasons set forth below, the court **DENIES** the Motion to Stay the Briefing [DE 27], **DENIES AS MOOT** the Motion for Rule to Show Cause [DE 30], **DENIES** the Motion for Sanctions [DE 35], and **ORDERS** Townsend to respond to the Motion for Summary Judgment within seven (7) days of entry of this Order.

Background

This matter arises from an employment discrimination complaint filed by pro se plaintiff, Tony M. Townsend, against the defendant, CWS, Inc., on November 7, 2008. CWS answered the complaint on April 3, 2009. After the initial discovery period, Townsend filed a Motion to Compel on August 3, 2009. Instead of

responding to this motion to compel, CWS filed a Motion for Summary Judgment on August 28, 2009. Because of CWS' failure to respond, the court granted Townsend's Motion to Compel on September 4, 2009. While this was pending, on September 2, 2009, Townsend filed the motion to stay, claiming that CWS had failed to turn over all of the information he requested during discovery. Specifically, Townsend requested that CWS give him a list of all Owner Operators by name and by race.

CWS originally responded to Townsend's request for a list of "all employees Owner Operators" by objecting that the request was vague and ambiguous. CWS did not know what was meant by "employees Owner Operators." The response also stated that CWS does not maintain any lists by race. After the Motion to Compel was filed, counsel for CWS and Townsend had a telephone conversation in which the defense counsel explained to Townsend that no lists are maintained by race and that CWS does not have "employee Owner Operators" but rather only has independent contractors. On August 18, 2009, CWS provided Townsend with a list of all independent contractor owner-operators.

Townsend asks the court to stay the briefing schedule until after CWS produces the requested discovery, a list of independent contractor owner-operators sorted by race. In his Motion for Rule to Show Cause, Townsend asks the court to hold CWS in contempt for not complying with the order of September 4, 2009. Finally, the Motion for Sanctions again seeks the same remedy for

the same grievance, adding a request to strike the pending motion for summary judgment.

## Discussion

Federal Rule of Civil Procedure 34(a) provides that discovery may be had of documents that are in the "possession, custody, or control of the party upon whom the request is served." "A party need not produce documents or tangible things that are not in existence or within its control." ***Hagemeyer North America, Inc. v. Gateway Data Sciences Corp.***, 222 F.R.D. 594 (E.D. Wis. 2004) (*quoting* ***Norman v. Young***, 422 F.2d 470 (10th Cir. 1970)). It is sufficient if the party responds by saying that a document is not in existence. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure: Civil* §2213 (2d. Ed. 1994).

Townsend has asked for documents that are not in existence. CWS has informed Townsend on multiple occasions that these documents do not exist. Furthermore, CWS has attempted to comply with Townsend's request by providing a list of all independent contractor owner operators. CWS' response to Townsend's Motion for Rule to Show Cause satisfactorily demonstrates its compliance with Townsend's discovery requests. The court will not require further explanation. Likewise, the court will not impose any sort of sanctions on CWS for the same. Therefore, the Motion to Stay the Briefing Schedule and the Motion for Sanctions are **DENIED,** and the Motion for Rule to Show Cause is **DENIED AS MOOT.**

Furthermore, as to Townsend's Motion for Rule to Show Cause, CWS, in its Response to Townsend's Motion to Compel, has satisfactorily explained its compliance with Townsend's discovery requests. The court will not require further explanation.

_____

For the aforementioned reasons, the Motion to Stay the Briefing Schedule on Respondent's Summary Judgment [DE 27] filed by the plaintiff, Tony Townsend, on August 28, 2009, is **DENIED**; the Motion for Rule to Show Cause [DE 30] filed by Townsend on September 15, 2009, is **DENIED AS MOOT**; and the Motion for Sanctions for Failur [sic] to Comply with the Court's Discovery Order and Motion to Strike Defendant's Motion for Summary Judgment [DE 35] filed by Townsend on November 25, 2009, is **DENIED**. Townsend, having had an extended amount of time to gather his thoughts on this matter, is **ORDERED** to respond to CWS' Motion for Summary Judgment within seven (7) days of entry of this Order.

ENTERED this 4th day of March, 2010

                                      s/ ANDREW P. RODOVICH
                                        United States Magistrate Judge